# Rourke *v.* Beckley, Appellant.

*Practice, C. P.—Parties—Misjoinder—Employment of counsel.*

In an action by three attorneys to recover fees, the defendant cannot claim a misjoinder of plaintiffs, where it appears from the statement of claim and the affidavit of defense, that the defendant employed one of the plaintiffs as counsel in certain litigation, with authority in such plaintiff to employ other counsel, and the other two plaintiffs were employed in pursuance of such authority and participated in the litigation for the fees in which the suit was brought.

Argued Oct. 26, 1911.   Appeal, No. 184, Oct. T., 1911, by defendant, from order of C. P. Lebanon Co., Sept. T., 1911, No. 43, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William J. Rourke et al., Administrators of Frank E. Meily, deceased, v. Isaac L. Beckley.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for counsel fees.  Before HENRY, P. J.
The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*H. J. Schools*, with him *W. E. Schaak*, for appellant, cited: Boggs v. Curtin, 10 S. & R. 211; Irwin v. Brown, 35 Pa. 331.

*S. P. Light*, for appellee, cited: Chain v. Hart, 140 Pa. 374; Hutton v. McLaughlin, 1 Pa. Superior Ct. 642.

OPINION BY MORRISON, J., March 1, 1912:
The learned court below entered judgment for want of a sufficient affidavit of defense for a portion of the plaintiffs' claim, with leave to go to trial for the residue to which

the affidavit was held sufficient. The motion was for judgment for a portion of the plaintiffs' claim.

Upon a careful examination and consideration of the declaration, affidavit of defense, arguments of counsel and the opinion of the court below, we have reached the conclusion that the judgment is correct and we think it is well sustained by the opinion of the lower court, filed with the order making absolute the rule for judgment.

The defendant's contention is that he made no contract with two of the plaintiffs, to wit, Light and Meily. But he admits a contract made with William J. Rourke, the other plaintiff, to the effect that Rourke was to receive twenty per cent of any sum which might be recovered by the defendant from the city of Lebanon in a suit to be brought and conducted by Rourke, with such other counsel as he might see fit to associate with him in the preparation and trial of the case. The defendant admits that Rourke had authority to engage other counsel and that he did engage Light and Meily and they assisted in the preparation and conduct of the suit. The defendant further admits that Rourke was to receive twenty per cent of the recovery against the city, but that out of this sum all of the counsel were to be paid so that the defendant here would in no event be called upon to pay more than said twenty per cent. The plaintiffs aver and contend that this sum was to be twenty-five per cent. It appears that before the suit in question was tried Meily died and that one Adams was brought into the case by Rourke.

The learned counsel for the defendant contends that defendant never employed any of the counsel, excepting Rourke, and that there is a misjoinder of plaintiffs. We understand his position to be that Rourke might sue and collect said twenty per cent, subject to a set-off which is attempted to be set up in the affidavit of defense. Next he contends that if, under the facts, Light and Meily could join with Rourke in this suit, then it is still bad because Adams was not also made a plaintiff. As to this feature of the affidavit we call attention to the fact that there is no

plea in abatement in the record, nor is a misjoinder sufficiently set forth in the affidavit to prevent judgment. Again, it being conceded that Rourke had a right to sue alone and collect said twenty per cent, subject to an alleged set-off, we cannot see how it harms the defendant that the suit was brought by Rourke, Light and Meily. It appears from the affidavit of defense that Light and Meily were interested in the said twenty or twenty-five per cent which the defendant agreed to pay. In addition to this, it is distinctly stated by the learned court as follows: "It was agreed by counsel at the argument that the services of R. L. Adams, Esq., who later was counsel for said Beckley, do not enter into the controversy before the court." This statement in the opinion of the court below is strongly disputed by defendant's counsel and we do not propose to undertake to decide who is mistaken in this regard. We suggest, however, that if anything is to be predicated of such agreements, they ought to be reduced to writing, signed and filed of record.

But upon this record, as it is made up by the declaration and affidavit of defense, we hold that no sufficient misjoinder is averred. Nor is the alleged set-off set forth with sufficient particularity and detail to establish negligence of the defendant's counsel which resulted in his loss and damage. The loss of interest in defendant's suit against the city of Lebanon probably arose from other causes than the neglect and mismanagement of counsel. We think the court below properly disposed of this branch of the defense.

The single assignment of error is dismissed.

Judgment affirmed.